IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICK TEMITOPE EDAH,

                       Petitioner,

  v.                                                                          OPINION and ORDER

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT and U.S. CUSTOMS AND BORDER          25-cv-577-jdp
PROTECTION,

                       Respondents.

---

Petitioner Patrick Temitope Edah, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241. Edah contends that Bureau of Prison officials have denied him earned-time credit under the First Step Act (FSA) that, if applied, would result in his immediate release. Edah is the subject of an expedited order of removal issued under 8 U.S.C. § 1225(b)(1), but he contends that the order is invalid and doesn't bar the application of earned-time credit to his sentence.

Generally, only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5). Judicial review of expedited orders of removal under 8 U.S.C. § 1225(b)(1) is allowed by habeas petition, but that review is limited to the issues defined in 8 U.S.C. § 1252(e)(2). Edah's petition does not fit within scope of allowable petitions, and the FSA prohibits the BOP from applying earned-time credit to his sentence because he's the subject of a final order of removal. I will dismiss the petition in part for lack of jurisdiction and otherwise deny it on the merits.

BACKGROUND

Edah is a native and citizen of Nigeria. In June 2023, Edah was indicted in the Western District of Tennessee. *United States v. Egbowawa et al.*, 23-cr-20123, Dkt. 3. On June 26, 2024, Edah was paroled into the United States for criminal prosecution. *See* Dkt. 2-1 at 2. A month later, Edah pleaded guilty to conspiracy to commit money laundering, and he received a 30-month term of imprisonment. Dkt. 164 and Dkt. 217 in the '123 case. Edah is incarcerated at FCI Oxford and has a release date of March 31, 2026.

On April 30, 2025, the Department of Homeland Security issued a notice and order of expedited removal against Edah. Dkt. 2-1 at 2. The order states that Edah was inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because: (1) he's a native and citizen of Nigeria; (2) he was paroled into the United States for criminal prosecution with authorization to remain no longer than June 28, 2024; and (3) he lacked valid entry documentation.

ANALYSIS

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *See also Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Edah contends that immigration officials acted unlawfully when they issued the expedited order of removal, which invalidated that order and violated due process. He also contends that § 1252(a)(2)(A) and § 1252(e)(2) bar this court from hearing that argument and

2

that, as a result, the court can hear the argument under the Suspension Clause, U.S. Const. art. I, § 9, cl. 2. *See generally* Dkt. 1 and Dkt. 2.

I lack jurisdiction to hear Edah's arguments. Under § 1252(a)(5), "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . , except as provided in [§ 1252(e)]." Under § 1252(e), the issues that can be addressed by a habeas petition are restricted:

> (2) Habeas corpus proceedings
>
> > Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
> >
> > (A) whether the petitioner is an alien,
> >
> > (B) whether the petitioner was ordered removed under such section, and
> >
> > (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

§ 1252(e)(2).

Edah concedes that his petition does not fit any of these exceptions. Rather, he contends that the expedited order of removal is invalid and violates due process because immigration officials didn't follow federal law when they issued it. This argument is not one that the court has jurisdiction to hear.

Edah's contention that the Suspension Clause gives this court jurisdiction to hear his challenge to the validity of the expedited order of removal in view of the bars created by

3

§ 1252(a)(2)(A) and § 1252(e)(2) lacks merit. "The REAL ID Act clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus [in all but limited cases], and may be reviewed only in the courts of appeals." *See Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) (citing § 1252(a)(5)).

Edah is the subject of a final order of removal, and this court lacks jurisdiction to hear his challenge to the validity of that order. The FSA thus prohibits the BOP from applying his earned-time credits to his sentence.

ORDER

IT IS ORDERED that:

1. Petitioner Patrick Temitope Edah's petition, Dkt. 1, is DISMISSED in part for lack of jurisdiction and otherwise DENIED.

2. Petitioner's motion to expedite, Dkt. 4, is DENIED as moot.

3. The clerk of court is directed to enter judgment and close the case.

Entered August 21, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge